12-2618-cr
United States v. Minaya

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand thirteen.

Present:
      ROBERT A. KATZMANN,
          *Chief Judge*,
      AMALYA L. KEARSE,
      RICHARD C. WESLEY,
          *Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

       v.                                   No.12-2618-cr

JOSE MINAYA, AKA Leche,

    *Defendant-Appellant,*

LISANDRO ANTONIO TAVAREZ GUZMAN,

    *Defendant*.

---

For Appellee:                    SANTOSH ARAVIND (Justin Anderson, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant:	ANDREW H. FREIFELD, Law Office of Andrew Freifeld, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Keenan, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Jose Minaya appeals from a June 18, 2012, judgment of the United States District Court for the Southern District of New York (Keenan, *J.*) convicting him, following a jury trial, of conspiracy to distribute five kilograms and more of cocaine and 100 grams and more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), and 841(b)(1)(B)(i); distribution and possession of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C); and distribution and possession with intent to distribute 100 grams and more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). He challenges only his conviction for conspiracy to distribute cocaine. Although he admits that he distributed cocaine, he contends that there was insufficient evidence to prove that he conspired to distribute as much as *five kilograms* of cocaine. He argues that the testimony of the key witness (his co-conspirator, Lisandro Tavarez Guzman) was not specific enough or, in the alternative, was so incredible that a jury could not have reasonably relied on it. We assume the parties' familiarity with the facts, the procedural history of the case, and the issues presented for review.

A defendant "bears a heavy burden" when challenging the sufficiency of the evidence. *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011). We must uphold a jury verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt." *United States v. Persico*, 645 F.3d 85, 105 (2d Cir. 2011) (internal quotation marks omitted). We must also view all evidence in the light most favorable to the government and "credit[] every inference that the jury might have [reasonably] drawn in favor of the government." *United States v. Temple*, 447 F.3d 130, 136-37 (2d Cir. 2006) (internal quotation marks omitted).

Minaya cannot meet this heavy burden. We first reject his contention that Tavarez Guzman's testimony was not specific enough to establish the quantity of cocaine that Minaya conspired to distribute. Tavarez Guzman testified about three primary types of cocaine transactions in which Minaya participated: (1) sales of small quantities of cocaine, totaling about 40 or 50 grams per week, at a video store owned by Tavarez Guzman in which Minaya was an employee; (2) sales of 50 or 100 grams per week out of Tavarez Guzman's minivan after the video store closed; and (3) four or five wholesale transactions, each of which involved a kilogram or more of cocaine. Combining the sales from these categories, a reasonable jury could have concluded that Minaya conspired to distribute at least five kilograms of cocaine.

For example, with respect to the small transactions in the video store, Tavarez Guzman estimated sales of, at a minimum, about 40 grams per week, and Minaya worked at the video store for at least a year and a half (*i.e.*, 78 weeks). Based on Tavarez Guzman's testimony, therefore, they sold about 3,120 grams of cocaine (or 3.12 kilograms) from the store during the relevant period.

Minaya contends that he cannot be held accountable for all of these sales because he only worked at Tavarez Guzman's store part-time. However, a co-conspirator is "responsible not only for the cocaine that he himself conspired to [distribute] but also for the cocaine his co-

3

conspirators conspired to [distribute], provided [that it was within the scope of their conspiracy and] he knew of his co-conspirator's illicit activities or the activities were reasonably foreseeable by him." *United States v. Jackson*, 335 F.3d 170, 181 (2d Cir. 2003). Here, the jury could have inferred from Tavarez Guzman's testimony that Minaya was a participant in the conspiracy and that the total amount of cocaine was reasonably foreseeable to him. Tavarez Guzman testified on multiple occasions that he and Minaya usually did their drug deals together; Tavarez Guzman even placed Minaya in control of the operation at times. Moreover, because Minaya helped package and sell the drugs, the jury could infer that he also had an idea about the amount of cocaine entering the store and the amount that was sold on a given day. Minaya cannot escape responsibility for conspiring to distribute these drugs simply because he was not always at the store when they were sold.

With respect to the wholesale transactions, Minaya concedes that the jury could have found that he conspired to distribute two or three kilograms of cocaine through this type of large sale. *See* Appellant's Br. at 44. He also does not challenge Tavarez Guzman's testimony that Minaya facilitated a two-kilogram sale of cocaine when Tavarez Guzman was unavailable. The jury could have reasonably added these two kilograms to the 3.12 kilograms from the video store to conclude that Minaya had conspired to distribute a total amount of cocaine exceeding five kilograms. Moreover, this total does not take into account the other wholesale transactions in which Tavarez Guzman said that Minaya participated or the sales from Tavarez Guzman's minivan after the video store closed. Even if there were room for doubt about some of these transactions, there is no doubt that a reasonable jury could have found that Minaya conspired to distribute more than five kilograms of cocaine.

We also reject Minaya's claim that Tavarez Guzman's testimony was too inconsistent and self-serving to be found credible. Despite offering seemingly contradictory testimony on direct examination, Tavarez Guzman later clarified that he sold 40 or 50 grams of cocaine per week in *small packages* but sometimes sold 100 or 200 grams if buyers came in looking for larger quantities. The jury was entitled to credit this explanation. Moreover, although Tavarez Guzman was testifying pursuant to a cooperation agreement in the hope of receiving a reduced sentence, the defense counsel thoroughly questioned the witness on this matter, and the jury had the opportunity to consider his credibility. "[T]he credibility of the witnesses . . . [is an issue] within the province of the jury, and we are not entitled to second-guess the jury's assessments." *United States v. Rea*, 958 F.2d 1206, 1221-22 (2d Cir. 1992). We find that the jury was entitled to credit Tavarez Guzman's testimony.

We have considered Minaya's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK